

# NUMBER 13-08-00606-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN RE:  COASTAL MARINE EQUIPMENT, INC.

### On Petition for Writ of Mandamus

## MEMORANDUM OPINION

### Before Justices Yañez, Garza, and Vela
### Per Curiam Memorandum Opinion

Relator, Coastal Marine Equipment, Inc. ("Coastal"), filed a petition for writ of mandamus and motion for emergency stay with this Court on October 27, 2007, asking us to compel respondent, the Honorable Abel Limas, presiding judge of the 404th Judicial District Court of Cameron County, Texas, to rule on Coastal's special appearance in the underlying case.

Coastal filed its "Special Appearance to Present Motion Objection to Jurisdiction Over The Person of Defendant Coastal Marine Equipment, Inc., And, Subject Thereto, Its Verified Original Answer" with the trial court on June 11, 2007.  Oral arguments were heard on December 6, 2007.  As of the date Coastal filed its petition and motion for emergency

stay with this Court, the trial court had not ruled on Coastal's special appearance.[1]  We granted Coastal's motion for emergency stay on October 29, 2008, ordering that "all proceedings in cause no. 2007-01-0031-G stayed until further order of this Court."

On November 6, 2008, the trial court signed a written "Order Denying Coastal Marine Equipment, Inc.'s Special Appearance."[2]  Coastal then filed a "Motion to Declare Order Denying Coastal Marine Equipment, Inc.'s Special Appearance a Nullity" on November 14, 2008, contending that the trial court had violated the stay imposed by this Court by entering its November 6, 2008 order.  Coastal specifically noted in this motion that it was concerned it may "lose" its ability to appeal order denying its special appearance if its motion were not granted.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (Vernon 2008) (allowing an appeal from an interlocutory order granting or denying a defendant's special appearance).  Coastal reasoned that the appellate timetable would run from November 6, 2008, the date of the trial court's order denying Coastal's special appearance, and that Coastal would be unable to appeal that order as long as the stay imposed by this Court remained in place.

The real party in interest, Luis Beltran Flores, filed a response to Coastal's petition on November 18, 2008, contending only that, because the trial court ruled on Coastal's special appearance on November 6, 2008, the petition is moot.

We agree with Coastal, however, that the trial court violated the emergency stay by entering the order on November 6, 2008.  Accordingly, Coastal's motion to declare that

---

[1] The other defendants in the underlying case, McElroy/Catchot Winch Co., Linwood Trawlers, Inc., Dolby Linwood, McElroy Machine and Manufacturing Co., and DVCC Services Corp. f/k/a Predco Services Corp., had either (1) filed special appearances which were previously ruled upon by the trial court, or (2) did not file special appearances.

McElroy Machine and Manufacturing Co. and DVCC Services Corp., calling themselves "real parties in interest," filed a "response" to Coastal's motion for emergency stay on October 30, 2008, concurring with Coastal's request.

[2] The order denying Coastal's special appearance, having been entered subsequent to the filing of the petition and motion with this Court, does not appear in the record before us.  However, both Coastal and Luis Beltran Flores, the plaintiff in the underlying case and real party in interest here, agree that the order was in fact entered.

order a nullity is GRANTED, and we order the trial court to vacate the November 6, 2008 order denying Coastal's special appearance.

Moreover, we conditionally GRANT the petition for writ of mandamus and order the trial court to rule on Coastal's special appearance. The writ will issue only if the trial court fails to comply. Having ruled on the petition for writ of mandamus, we VACATE the emergency stay imposed by this Court's order of October 29, 2008.

PER CURIAM

Memorandum Opinion delivered and
filed this the 5th day of December, 2008.